# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

HUMBERTO RODRIGUEZ CASTRO,

Petitioner,

v.

CHRISTOPHER J. LAROSE, *et al.*,

Respondents.

Case No. 26-cv-01547-BAS-MSB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Humberto Rodriguez Castro filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that the Immigration Judge erroneously found him subject to mandatory detention under *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025). (ECF No. 1.) Petitioner requests a new bond hearing where the Immigration Judge is ordered to consider Petitioner's release under 8 U.S.C. § 1226(a). (*Id.*) The Government responds that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) and the Laken Riley Act, and thus, the Petition should be denied. (ECF No. 5.) Petitioner's Traverse suggests that Petitioner may be subject to mandatory detention under § 1226(c)(1)(E), but that the Immigration Judge erroneously found Petitioner subject to mandatory detention under § 1225, and thus, a new bond hearing

- 1 -

26cv1547

should be ordered.  (ECF No. 6.)  The Court agrees that the Immigration Judge incorrectly determined that the Immigration Court had no jurisdiction to consider bond under *Yajure Hurtado.*  However, the Court finds Petitioner may be subject to mandatory detention under § 1226(c)(1)(E) and thus directs the Immigration Judge to make this determination.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Mexico, entered the United States illegally in 2002.  (ECF No. 1, ¶ 25.)  He was not apprehended upon his arrival to the United States. (*Id.*)  Petitioner was arrested by local police in Utah for assaulting a police officer.  (ECF No. 5.)  Those charges are currently pending in Utah. (*Id.*)

After his arrest by police in Utah, Petitioner was turned over to Immigration and Customs Enforcement ("ICE") for possible removal. The Department of Homeland Security ("DHS") transferred Petitioner to the Otay Mesa Detention Center.  On May 11, 2026, an Otay Mesa Immigration Judge denied Petitioner bond, finding the Immigration Court lacked jurisdiction to order bond pursuant to *Yajure Hurtado*, 29 I & N Dec. 216.

## III.    ANALYSIS

The Central District of California certified a class and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).  Although the Ninth Circuit stayed and restricted application of that class to only those located in the Central District of California, *Maldonado Bautista v. U.S.*

*Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225.  *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).

However, Petitioner may be subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii), which pertains to an individual charged with assault on a law enforcement officer.  Since the Immigration Judge was unable to consider this possibility, finding only that detention was mandatory under 8 U.S.C. § 1225, this Court **GRANTS** the Petition to the extent it requests a new bond hearing.  However, it **DENIES** the Petition to the extent it requests this Court to order the Immigration Judge to consider Petitioner's release under § 1226(a).

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court directs the Immigration Court to hold a bond hearing for Petitioner Humberto Rodriguez Castro (A# 221-468-385).  At that hearing, the Immigration Judge should not find that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 or *Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025).  The Immigration Judge may, however, consider whether Petitioner is subject to mandatory detention under § 1226(c)(1)(E) or permissive detention under § 1226(a).

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 25, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv1547